EMIL NAGEL v. JOHN P. SCHNEIDER AND MAGDALENA SCHNEIDER.

*Chattel mortgage—Building—Reformation.*

Complainant filed a bill for the reformation of a chattel mortgage upon a building by inserting therein the description of the land on which the building stood, and which at the time of the execution of the mortgage was held by the mortgagor under a land contract, and to declare it a real-estate mortgage, and to foreclose it as such; and in affirming a decree dismissing the bill it is held that the instrument was only intended by the parties as security on the building.

Appeal from Wayne. (Reilly, J.) Argued October 17, 1890. Decided December 5, 1890.

Bill to reform a mortgage on a building, and declare it to be a real-estate mortgage, and to foreclose the same. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Morgan E. Dowling,* for complainant, contended:

1. In the absence of a specific agreement to the contrary, there can be no doubt that a building mortgaged is a fixture and a part of the realty; citing Boone, Mort. § 104; *Tharp v. Allen,* 46 Mich. 392; and complainant's mortgage was given to secure a pre-existing debt, describes and covers property known to the law as real estate, and consequently is a real-estate mortgage. It is defective in form, but, inasmuch as it creates a lien upon specific property, equity will enforce it.

2. In describing a piece of property as "a grist-mill," without describing the land, it was held that the fee in the land upon which the mill stood passed with the mill; citing *Esty v. Baker*, 48 Me. 500; *Maddox v. Goddard*, 15 Id. 224; *Moore v. Fletcher*, 16 Id. 66; *Forbush v. Lombard*, 13 Metc. 109; and the same rule was applied where the property was described as "the saw-mill;" citing *Blake v. Clark*, 6 Greenl. 436; and a mortgage of a building will carry with it the land on which it stands as essential to its use; citing *Wilson v. Hunter*, 14 Wis. 683; *Woods v. Wallace*, 22 Penn. St. 171; *Greenwood v. Murdock*, 9 Gray, 20; *Toms v. Williams*, 41 Mich. 559; *Curtis v. Norton*, 58 Id. 411; *Whitney v. Olney*, 3 Mason, 280; *Gibson v. Brockway*, 8 N. H. 465; and see *Greither v. Alexander*, 15 Iowa, 470, which is precisely in point.

3. Is the mortgage an equitable mortgage? No particular words are necessary to create a mortgage; citing *DeLeon v. Higuera*, 15 Cal. 484; and an agreement not so executed as to make it a mortgage is an incumbrance on land as against the party executing it; citing *Racouillat v. Sansevain*, 32 Cal. 377; and an imperfect agreement intended as a security, no matter in what form, nor the name by which the parties choose to call it, is in equity what is known as an equitable mortgage; citing Boone, Real Prop. § 224; 1 Jones, Mort. §§ 162, 168, 176; *DeLeon v. Higuera*, 15 Cal. 484; and an equitable mortgage may be created by an unsuccessful attempt to appropriate specific property to the discharge of a particular debt; citing *Gale v. Morris*, 29 N. J. Eq. 222; and an agreement intended by the parties to give a lien on property for the payment of a debt, though not executed as required by statute, and therefore not a mortgage in legal form, is good as an equitable mortgage; citing *Abbott v. Godfroy*, 1 Mich. 178.

*William Look* and *H. F. Chipman,* for defendants, contended:

1. The bill of complaint should be dismissed upon the pleadings and proofs. In this connection we invoke the rule of law that where the answer fully meets the allegations in the bill, which does not waive a sworn answer, the bill must be supported by testimony other than that of complainant; citing *Hart v. Carpenter*, 36 Mich. 402; *Matteson v. Morris*, 40 Id. 52.

LONG, J. The bill is filed in this cause to foreclose a mortgage. The only question raised is whether it is a mortgage of realty or only a chattel mortgage. It is

conceded that if it is only a mortgage of chattels the action is barred by the statute of limitations, but if a mortgage of realty the bill is properly filed, and that the court below should have granted the decree of foreclosure. On the hearing in the court below, complainant's bill was dismissed.

It seems that, in the year 1876, Emil Nagel and Christian Smith, copartners in business, under the firm name of Smith & Nagel, contracted with John P. Schneider, one of the above defendants, to do the carpenter and joiner work on a building for him upon land which Schneider then held on a land contract. After completing the work upon the building in accordance with the contract, it was ascertained that Schneider was indebted to them in the sum of $976 over the amount he had then paid. To secure the payment of this sum, Schneider gave his two promissory notes, bearing date June 1, 1876, one for $500, payable September 1, 1876, without interest; and one for $476, payable June 1, 1877, with interest at 10 per cent. These notes were secured by the mortgage in question, which was executed by Schneider and his wife, Magdalena. The $500 note was paid. On June 7, 1877, Christian Smith assigned his interest in the other note and mortgage to Nagel. It is to foreclose this mortgage that the bill is filed. Nothing has ever been paid on the note, and the amount claimed is the $476, and interest at 10 per cent. from June 1, 1876.

The mortgage is set out in full in the bill, and apparently was drawn on an ordinary blank form of chattel mortgage. It recites that—

"The said parties of the first part, for and in consideration of the sum of nine hundred and seventy-six dollars, to them in hand paid by the said parties of the second part, * * * do grant, bargain, and sell unto the said parties

of the second part all and singular the goods and chattels hereinafter mentioned; that is to say, all the two-story combined brick and frame building, with additions, situate north-west corner of Jefferson and Townsend avenues, in the township of Hamtramck, county of Wayne, and State of Michigan."

The power of sale contained in the mortgage is that usually inserted in chattel mortgages,—that sale may be made after six days' notice, by written or printed notice, to be posted in three or more places in the township.

Complainant's contention is that this is an equitable mortgage on real estate. But no description is given in the mortgage of the land upon which the building is situate except as above. The bill sets up this claim, and describes the land upon which the building is situate. The bill also alleges that, at the time the mortgage was executed, John P. Schneider had only an equitable interest in these lands, the legal title being in Moses W. Field, but that, subsequent to the giving of the mortgage, he obtained a deed of warranty of the lands, and that he is now the owner of the legal title. The bill further charges that the complainant was ignorant of legal formalities distinguishing chattel mortgages from real-estate mortgages; that he did not read the mortgage, and supposed that it was sufficient and in proper form to cover the entire interest of Schneider both in the land and building. The bill prays for a reformation of the mortgage by inserting therein a description of the lands upon which the building is situate, and that it be declared a real-estate mortgage. The bill does not waive answer under oath.

The answer is under oath, and denies that the instrument was ever intended to operate as a real-estate mortgage, but was intended and understood by the parties to cover only the building.

The complainant was sworn as a witness in his own

behalf, and his testimony falls far short of showing that any mistake was made in the form of the mortgage, or the interest of Schneider which it was intended to cover. It was taken by the complainant, treated as a chattel mortgage, filed as such, and renewed from year to year for three or four years, since which time the complainant has not renewed it, or treated it as a valid claim. He testifies that he did not continue to renew it for the reason that he had put money enough in, which he did not expect to get. The case does not, however, rest there. The defendant John P. Schneider was called as a witness in his own behalf, and testified that, at the time of the execution of the instrument, he told the parties he could not give a mortgage on the land, as he did not own it.

We need not discuss the question as to what effect this instrument would have had as relating to the realty if it had been intended by the parties at the time of its execution that it should be a lien on the realty. The parties made the contract intending that it should only be held as security on the building.

The decree of the court below must be affirmed, with costs,

CHAMPLIN, C. J., and CAHILL, J., concurred. MORSE and GRANT, JJ., did not sit.